Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS
NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Revaz Lipartia*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **REVAZ LIPARTIA**,<br>　　　　　　Plaintiff,<br>　　v.<br><br>**EFO, LLC**, a Nevada Corporation; and<br>**MARK EVANSTAD**, an individual,<br><br>　　　　　Defendants. | Case No. 3:24-cv-00253<br><br>**COMPLAINT**<br>Whistleblower Retaliation; Discrimination<br>for Initiating or Aiding in Criminal or Civil<br>Proceedings; and Wrongful Termination<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Revaz Lipartia ("Plaintiff") brings this action against Defendants EFO, LLC and

Mark Evanstad (collectively "Defendants") for Whistleblower Retaliation; Discrimination for

Initiating or Aiding in Criminal or Civil Proceedings; and Wrongful Discharge and demands a trial

by jury as follows:

## JURISDICTION AND VENUE

### 1.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

### 2.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial District in and around the city of Carlton, Oregon. Venue is proper in this division pursuant to Local Rule 3-2.

## PARTIES

### 3.

Plaintiff is a resident of Minnesota.

### 4.

EFO, LLC ("EFO") is a Nevada Corporation that employed Plaintiff in Oregon while Plaintiff was a resident of Oregon.

### 5.

Mark Evanstad ("Evanstad") is an individual who resides in Nevada. Evanstad also resides in Dayton, Oregon at least part-time.

## FACTUAL ALLEGATIONS

### 6.

Plaintiff incorporates the preceding paragraphs of this complaint by reference. All allegations made herein are made upon information and belief, based on investigation of counsel and personal knowledge. All dates are on or about the date specified.

///

///

///

///

PAGE 2 – COMPLAINT

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

7.

Plaintiff began working for EFO in Oregon on April 17, 2020, as a driver and assistant to Evanstad. Plaintiff's job duties include, running errands for Evanstad, driving Evanstad's family to and from appointments, and accompanying and assisting Evanstad during waking hours. Plaintiff previously contracted with EFO and Evanstad for similar services.

8.

A substantial part of the events described herein took place in Oregon.

9.

At all relevant times herein, Plaintiff held an Oregon concealed carry permit.

10.

Defendants either required or encouraged Plaintiff to carry a concealed gun and knife during his employment.

11.

On January 19, 2023, Plaintiff received a phone call from Darin Szabo's phone ("Szabo"), a business manager for Mark Evenstad and EFO. At the time, Plaintiff was running errands related to his employment.

12.

Szabo told Plaintiff that there had been a serious car accident involving alcohol, Mark Evenstad and several passengers on or near the Domaine Serene Winery. Szabo instructed Plaintiff to come to the scene of the accident. When Plaintiff explained that he was approximately 30 minutes away, Szabo told Plaintiff to call the police. Plaintiff then encouraged Szabo to also call police because they would be able to find him from his GPS location.

13.

After speaking with Szabo, Plaintiff made several calls to emergency services, reporting the accident.

///

PAGE 3 – COMPLAINT

14.

Plaintiff then also called local Carlton police, notifying them of the accident, guiding them to the accident and giving them the code to enter the gate of the Domaine Serene Winery, where the accident had occurred.

15.

When Plaintiff arrived at the scene of the accident, emergency services had arrived and were taking the injured parties to the hospital. Szabo had broken both of his legs. Other drivers and passengers suffered comparatively mild injuries.

16.

On January 20, 2023, Evenstad drunkenly told Plaintiff that because of Plaintiff's calls to emergency services, Evanstad feared being "placed" at a "crime scene."

17.

According to Evanstad, he feared being "placed" at the scene because (a) Evanstad was driving the car on January 19, 2023 and Evanstad had been arrested for a DUII recently, and (b) one of the people injured in the car accident might bring a lawsuit against Evenstad or the Domaine Serene Winery.

18.

On February 7, 2023, Plaintiff was cleaning up around the EFO office in Carlton, Oregon.

19.

Evanstad, who had lost his knife, crossed the street from a local bar to the EFO office and asked Plaintiff to give him Plaintiff's knife.

20.

Because Evanstad had been drinking heavily at the local bar and was behaving erratically, Plaintiff lied and told Evanstad that he did not have a knife. However, as it was Plaintiff's practice to carry a gun and knife, Evanstad knew that Plaintiff was lying and became enraged.

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

21.

Evanstad then left to go search for his own knife. When Evanstad could not find it, he found Plaintiff outside and demanded his gun. Plaintiff lied again, saying that he did not have a gun. Evanstad then loudly berated Plaintiff and returned to the bar.

22.

Plaintiff did not give Evanstad his gun or knife because Evanstad could have hurt himself or others with the gun or knife and giving the gun or knife to Evanstad could have or would have subjected Plaintiff to criminal and/or civil liability.

23.

Szabo, Evanstad, and a colleague Paul Schommer ("Schommer") eventually returned to the office with several new friends from the bar.

24.

Plaintiff, had to remain at the office to drive them home. At the office, clearly inebriated, Evanstad tried to get the keys to a car on display. At his request, Plaintiff gave him the keys. Plaintiff then convinced Szabo to calm Evanstad down and not drive the car.

25.

Evanstad eventually became angry with Plaintiff, throwing a bottle of Fireball whiskey at Plaintiff that narrowly missed. Plaintiff then waited outside office and eventually drove Evanstad home to his Dayton, Oregon residence.

26.

At the Dayton residence, Evanstad asked Plaintiff to get him ten bottles of lighter fluid. After Plaintiff did, Evanstad began arguing with Plaintiff. Plaintiff told Evanstad that he was going home for the evening and that he would be back in the morning as usual. Evanstad then told Plaintiff not to take the car Plaintiff rented because it was Evanstad's car. Evanstad then continued to provoke Plaintiff, repeatedly reaching into the pocket where he normally carried a knife.

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

27.

As Plaintiff left, Evanstad told Plaintiff that he was fired.

28.

After Plaintiff left the residence, Evanstad called Plaintiff approximately fifteen times leaving several threatening and disturbing voicemails, which included several pretending to have been in another accident, trying to lure Plaintiff back to the house, and another calling Plaintiff a "cunt." Finally in the last voicemail Evanstad told Plaintiff that if he ever saw him again, he would "cut his neck off,"

29.

On February 9, 2023, Szabo called Plaintiff and told him he was fired because Plaintiff refused to give Evanstad a knife on the evening of February 7, 2023.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

Whistleblowing Retaliation, ORS 659A.199

Against All Defendants

30.

Plaintiff incorporates the preceding paragraphs of this complaint by reference.

31.

ORS § 659A.199 provides that an employer may not retaliate against an employee because the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule, or regulation.

32.

By calling emergency services and local police, Plaintiff made good faith reports of information he believed were violations of state or state or federal law, rule, or regulation.

///

///

PAGE 6 – COMPLAINT

33.

Defendants fired Plaintiff either partially for or entirely for his reports to emergency services.

34.

As a result of Defendant's termination of Plaintiff, Plaintiff suffers, and continues to suffer damages to be proven at trial.

35.

Pursuant to ORS 659A.885, Plaintiff requests backpay, compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

**SECOND CLAIM FOR RELIEF**

Discrimination for Initiating or Aiding in Criminal or Civil Proceedings, ORS

Against All Defendants

36.

Under ORS 659A.230, an employer cannot discriminate or retaliate against an employee because the employee has in good faith reported criminal activity by any person or has in good faith cooperated with any law enforcement agency conducting a criminal investigation.

37.

By calling emergency services and local police, Plaintiff made good faith reports of potential criminal activity that was intended to or likely to result in a criminal proceeding.

38.

As a result of Defendant's termination of Plaintiff, Plaintiff suffers, and continues to suffer damages to be proven at trial.

39.

Pursuant to ORS 659A.885, Plaintiff requests backpay, compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

///

PAGE 7 – COMPLAINT

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## THIRD CLAIM FOR RELIEF

Wrongful Discharge

Against All Defendants

40.

Plaintiff brings his second claim for relief either in addition to or in the alternative to his first and second claims for relief.

41.

Plaintiff incorporates the preceding paragraphs of this complaint by reference.

42.

Oregon law recognizes common-law wrongful discharge where an employer takes an adverse employment action against an employee for a socially undesirable motive and there is no alternative statutory remedy.

43.

Defendants fired Plaintiff substantially because of Plaintiff's refusal to provide Evanstad with weapons on the occasions described herein and/or Plaintiff resistance to a dangerous pattern of drunk driving.

44.

It is an important societal obligation for Plaintiff to avoid giving a person who would likely cause harm to himself, others, or property a gun or knife. It is an important societal obligation to avoid drunk driving.

45.

Plaintiff is entitled to recover damages in addition to or in the alternative to those stated in his first and second claims for relief including but not limited to front pay and back pay.

///

///

///

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.      Back and front wages in the amount not less than $280,000 to be proven at trial;

2.      Emotional distress damages in the amount of not less than $40,000; and

3.      Prevailing party fees, reasonable costs, and attorney's fees.


**DATED** this 6th day of February 2024.

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By:     */s Patrick G. Conroy*
        Patrick G. Conroy, OSB #223806
        Email: patrick@elpnw.com
        Randy J. Harvey, OSB #116714
        Email: randy@elpnw.com
        20015 SW Pacific Hwy., Suite 221
        Sherwood, Oregon 97140
        Telephone: 503-822-5340
        Facsimile: 503-433-1404

        *Of Attorneys for Plaintiff Revaz Lipartia*

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404