IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **REVAZ LIPARTIA**,<br><br>            Plaintiff,<br><br>    v.<br><br>**EFO, LLC**, a Nevada Corporation; and **MARK EVANSTAD**, an individual,<br><br>            Defendants. | Case No. 3:24-cv-00253-IM<br><br>**OPINION AND ORDER DENYING DEFENDANT EFO, LLC'S MOTION TO DISMISS** |

Patrick Gerard Conroy and Randy J. Harvey, Employment Law Professionals, 20015 S.W. Pacific Hwy., Ste. 221, Sherwood, OR 97140. Attorneys for Plaintiff.

Colleen O. Munoz and John A. Berg, Littler Mendelson, PC, 1300 SW Fifth Ave., Wells Fargo Tower, Ste. 2050, Portland, OR 97201. Attorneys for Defendant EFO, LLC.

**IMMERGUT, District Judge.**

    Before this Court is Defendant EFO, LLC's Motion to Dismiss ("MTD"), ECF 11. EFO urges this Court to dismiss Plaintiff Revaz Lipartia's third claim for relief—common law wrongful discharge—because, in its view, Plaintiff was not discharged for fulfilling a "societal

obligation." However, Plaintiff has sufficiently alleged that he was fired for refusing to engage in likely tortious conduct, so this Court DENIES the Motion to Dismiss.

## LEGAL STANDARDS

A motion brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To be entitled to a presumption of truth, a complaint's allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## BACKGROUND

The facts below are those contained in the Complaint, ECF 1. On a motion to dismiss, this Court must accept all well-pleaded factual allegations from the Complaint as true and draw all reasonable inferences in the non-movant's favor. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). EFO correctly notes that any new factual assertions Plaintiff makes in his Response to the Motion to Dismiss cannot be considered by this Court. *See* EFO's Reply, ECF 18 at 2–3; *Vaccaro v. CVS Pharmacy*, No. 13–CV–174–IEG (RBB), 2013 WL 3776927, at *1 n.1 (S.D. Cal. July 16, 2013).

Plaintiff began working for Defendant EFO on April 17, 2020 as a driver and assistant to Defendant Mark Evanstad. Complaint, ECF 1 ¶ 7. His job duties included running errands for Evanstad, driving Evanstad's family, and accompanying and assisting Evanstad. *Id.* Plaintiff had a concealed carry permit for a firearm, and he was encouraged or required by both Defendants to carry a concealed gun and knife during his employment. *Id.* ¶¶ 9–10.

The events relevant to Defendant EFO's Motion occurred primarily on February 7, 2023. On that day, Plaintiff alleges he was at the EFO office in Carlton, Oregon, when Evanstad came into the office demanding Plaintiff's knife. *Id.* ¶ 19–20. Evanstad allegedly had come from the bar across the street from the office, and he had been drinking heavily and was behaving erratically. *Id.* ¶ 20. Knowing this, Plaintiff lied to Evanstad, stating that he did not have a knife on his person. *Id.* But Evanstad knew Plaintiff was lying and grew enraged. *Id.* Evanstad then went to look for a knife on his own. *Id.* ¶ 21. When he could not find one, he then demanded Plaintiff's gun. *Id.* Plaintiff lied again, stating that he did not have a gun on his person. *Id.* Evanstad knew Plaintiff was lying and berated Plaintiff. *Id.* Later that day, after returning from the bar again, Evanstad demanded that Plaintiff give him the keys to a car on display. *Id.* ¶ 24. Plaintiff did so, but told another employee to calm Evanstad down and convince Evanstad not to drive the car. *Id.* Plaintiff alleges that he had knowledge of past instances when Defendant Evanstad drove while drunk. *See id.* ¶¶ 11–17.

Eventually, Plaintiff drove Evanstad back home. *Id.* ¶ 25. When Plaintiff dropped Evanstad off, Evanstad repeatedly reached into the pocket where Plaintiff typically carried his knife. *Id.* ¶ 26. As Plaintiff left, Evanstad told Plaintiff he was fired. *Id.* ¶ 27. On February 9, 2023, Defendants' business manager called Plaintiff and told him he was fired because he refused to give Evanstad a knife on February 7. *Id.* ¶¶ 11, 29.

PAGE 3 – OPINION AND ORDER DENYING DEFENDANT EFO, LLC'S MOTION TO DISMISS

Plaintiff filed this suit on February 6, 2024. *See* Complaint, ECF 1. As relevant here, Plaintiff asserts a claim for common law wrongful discharge against both Defendants EFO and Evanstad. *Id.* ¶¶ 40–45. Defendant EFO now seeks to dismiss this claim, though it is not challenging any of Plaintiff's other claims. *See* MTD, ECF 11 at 2.

## DISCUSSION

This Court denies EFO's Motion. "Under Oregon law, at-will employees may bring wrongful discharge claims in only two circumstances: (1) the employee is discharged for exercising a job-related right that reflects an important public policy, or (2) the employee is discharged for fulfilling a public duty or fulfilling a societal obligation." *O'Donnell v. Ameresco, Inc.*, Case No.: 3:23-cv-00085-AN, 2024 WL 531715, at *4 (D. Or. Feb. 9, 2024) (citing *Babick v. Or. Arena Corp.*, 333 Or. 401, 407 (2002)). Agreeing that he was an at-will employee, Plaintiff has only pleaded the latter theory, *see* Complaint, ECF 1 ¶ 44, and this Court therefore analyzes Plaintiff's wrongful discharge claim under that rubric.[1]

Plaintiff bears the burden of identifying a "public duty" or "societal obligation" for the purposes of pleading a wrongful discharge claim. *O'Donnell*, 2024 WL 531715, at *4 (citation omitted). Plaintiff's asserted "public duty" or "societal obligation" must stem from "constitutional and statutory provisions, or the case law of this or other jurisdictions." *Walker v. State ex rel. Or. Travel Info. Council*, 367 Or. 761, 776 (2021) (en banc) (quoting *Babick*, 333 Or. at 409); *see* EFO's Reply, ECF 18 at 5–6. The "public duty" or "societal obligation" underlying a wrongful discharge claim cannot be defined at too broad a level of generality;

---

[1] In response to the Motion to Dismiss, Plaintiff attempts to invoke the other prong for at-will wrongful discharge. This is an impermissible attempt to amend the Complaint. *See Vaccaro*, 2013 WL 3776927, at *1 n.1; *see also* EFO's Reply, ECF 18 at 3–5.

PAGE 4 – OPINION AND ORDER DENYING DEFENDANT EFO, LLC'S MOTION TO DISMISS

rather, "'the sources of law that express the asserted ["public duty" or "societal obligation"] must in some sense speak directly' to the acts taken by the plaintiff that led to the discharge from employment." *Id.* at 777 (citation omitted). In other words, the terms "public duty" and "societal obligation" refer to when "a statute, case, rule, or constitutional provision specifically encourages or requires a particular action, or when such sources otherwise demonstrate that such action enjoys high social value." *O'Donnell*, 2024 WL 531715, at *4 (citation, brackets, and internal quotation marks omitted). Avoiding a "potentially tortious act," the Oregon Supreme Court has said, can satisfy this test. *Delaney v. Taco Time Int'l, Inc.*, 297 Or. 10, 16–17 (1984) (en banc) (holding a defendant was "liable for wrongfully discharging [the] plaintiff because [the] plaintiff refused to sign [a] potentially defamatory statement.").[2]

For his wrongful discharge claim, Plaintiff relies on, among other things, the allegation that he either had to commit a "potentially tortious act" or lose his job. Plaintiff alleges that "Defendants fired Plaintiff substantially because of Plaintiff's refusal to provide Evanstad with weapons on [February 7, 2023]." Complaint, ECF 1 ¶ 43. "It is an important societal obligation," Plaintiff continues, "to avoid giving a person who would likely cause harm to himself, others, or property a gun or knife." Complaint, ECF 1 ¶¶ 43–44. Specifically, Plaintiff says, "[Evanstad] requiring Plaintiff to give his drunken boss his concealed gun and a knife . . . certainly constitutes a potentially tortious act." Plaintiff's Response ("Resp."), ECF 15 at 4.

---

[2] In its Reply, EFO attempts to argue in a footnote that *only* a statutory or constitutional provision can satisfy the "societal obligation" or "public duty" requirement, ECF 18 at 5 n.3, but EFO later concedes that *Delaney* concerned "the common law action for defamation" and says that a plaintiff must "cite any applicable statutory or constitutional provision *or* caselaw," *id.* at 5 (emphasis added) (citation omitted). In any event, both the holdings and the "reasoned dicta" of the Oregon courts "are binding on" this Court as to Oregon law. *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013) (citation omitted).

PAGE 5 – OPINION AND ORDER DENYING DEFENDANT EFO, LLC'S MOTION TO DISMISS

This Court agrees with Plaintiff that had Plaintiff given a weapon to Evanstad in the context of the facts alleged in the Complaint, this likely would have been tortious conduct, and that Plaintiff therefore has sufficiently identified a "public duty" or "societal obligation" underlying his wrongful discharge claim. Oregon case law has long recognized the tort of "negligent entrustment." *See, e.g.*, *Page v. Sparling*, 87 Or. App. 118, 123 (1987); *see also Emerson v. W. Photo-Mount Co.*, 267 Or. 562, 566–67 (1974) (en banc) (discussing Restatement (Second) of Torts § 390 (Am. L. Inst. 1965)). To assert a claim of negligent entrustment, Oregon courts instruct, a plaintiff "must prove that there was an entrustment and that the entrustment was negligent." *Piskorski v. Ron Tonkin Toyota, Inc.*, 179 Or. App. 713, 718–19 (2002) (citation omitted). More precisely, in the words of the Restatement:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Restatement (Second) of Torts § 390. Consistent with the Restatement, Oregon courts have recognized a negligent entrustment claim when a person provides a vehicle to an intoxicated individual. *See Page*, 87 Or. App. at 123; *Swanson v. Knight*, 105 Or. App. 462, 465–66 (1991).[3] Further, applying the Restatement, an Oregon Circuit Court has held that a "plaintiff is entitled to go forward on a theory that defendants supplied . . . firearms to [another], through a third person, . . . having reason to know that such supplying involved unreasonable risk to others based upon the inherent dangerous nature of straw-purchase transactions." *Englund v. World Pawn Exch.,*

---

[3] Thus, it is unavailing for EFO to contend that "negligence law only imposes a duty on the individual or entity that controls the consumption of alcohol." MTD, ECF 11 at 10.

PAGE 6 – OPINION AND ORDER DENYING DEFENDANT EFO, LLC'S MOTION TO DISMISS

*LLC*, No. 16CV00598, 2017 WL 7518923, at *6–7 (Or. Cir. Ct. June 30, 2017) (denying a motion to dismiss a negligent entrustment claim).

Although Oregon courts have yet to confront the issue of whether entrustment of a weapon to a drunken individual constitutes negligent entrustment, courts in other jurisdictions applying the same principles of tort have recognized such actions as tortious. *See* Dan B. Dobbs et al., The Law of Torts § 422 (2d ed. Apr. 2024 update) ("The typical case is negligent entrustment of . . . a weapon to a person whom the defendant knows or should know is apt to use it in a dangerous way because of . . . his actual intoxication or his propensity for it." (footnotes omitted)); *see also Fitzjerrel v. City of Gallup*, No. CIV 00-1630 BB/DJS, 2003 WL 27385467, at *3 (D.N.M. Jan. 10, 2003) (citing cases); *Brady v Walmart, Inc.*, Civil Case No. 8:21-cv-01412-AAQ, 2024 WL 2273382, at *16 & n.14 (same). For instance, the Supreme Court of Washington, citing Section 390 of the Restatement (Second) of Torts, has held that "one should not furnish a dangerous instrumentality such as a gun to an incompetent," e.g., "one who is incompetent due to intoxication." *Bernethy v. Walt Failor's, Inc.*, 97 Wash. 2d 929, 933 (1982) (citation omitted). This conclusion, the Court reasoned, follows naturally from the "analogous cause of action for the negligent entrustment of a motor vehicle to an intoxicated person," *id.* at 933–34., which, as mentioned, Oregon courts already recognize. Likewise, the Supreme Court of Florida has held that "selling a firearm to an intoxicated person" is a viable claim "for negligent entrustment as defined under section 390 of the Restatement [(Second) of Torts]." *Kitchen v. K-Mart Corp.*, 697 So. 2d 1200, 1208 (Fla. 1997). And the Supreme Court of Utah has held, too, that "where a firearm is given to an intoxicated individual, the risk of harm to others is clearly foreseeable." *Herland v. Izatt*, 2015 UT 30 ¶ 16 (2015) (footnote omitted). As these cases and

PAGE 7 – OPINION AND ORDER DENYING DEFENDANT EFO, LLC'S MOTION TO DISMISS

many more make clear, under longstanding tort law and on the facts alleged, Plaintiff can viably allege that he was fired for refusing to potentially engage in negligent entrustment.

EFO's sole rejoinder is unpersuasive, as it mischaracterizes Oregon Supreme Court precedent. EFO contends that Plaintiff was not at risk of engaging in tortious conduct because there was no foreseeable "specific victim" if Evanstad had received a weapon. *See* MTD, ECF 11 at 8. But to support this assertion, EFO quotes a portion of an Oregon Supreme Court opinion that was reciting various archaic verbal formulations for the tests of foreseeability and duty. *See Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 6 (1987); *see id.* at 4 (explaining that in the section EFO quoted, the Court was "review[ing] the evolution of this state's approach" to the foreseeability and duty elements of liability in negligence law). Indeed, the particular statement EFO quotes was apparently made by a Scottish Court in 1932. MTD, ECF 11 at 4 (quoting *Fazzolari*, 303 Or. at 6–7); EFO's Reply, ECF 18 at 9–10 (same). The foreseeability rule today in Oregon does not require the level of specificity EFO demands: the rule requires only that there be a "foreseeable class of injured persons." *Chapman v. Mayfield*, 358 Or. 196, 206 (2015) (en banc) (citing *Fazzolari*, 303 Or. at 17); *see Mathews v. Federated Serv. Ins. Co.*, 122 Or. App. 124, 133–34 (1993) (requiring for negligent entrustment "that the risk of harm to plaintiff (or the class of persons to whom he belongs) was reasonably foreseeable." (citations omitted)).

In sum, the "case law of this" and "other jurisdictions" "speak directly" to Plaintiff's decision not to provide a knife or gun to Evanstad, *Walker*, 367 Or. at 776–77 (citation omitted): had he done the opposite, he potentially would have been liable for negligent entrustment. Thus, Plaintiff has alleged a cognizable claim for wrongful discharge.

## CONCLUSION

This Court DENIES Defendant EFO's Motion to Dismiss, ECF 11.

PAGE 8 – OPINION AND ORDER DENYING DEFENDANT EFO, LLC'S MOTION TO DISMISS

**IT IS SO ORDERED.**

DATED this 25th day of June, 2024.

                                                /s/ Karin J. Immergut
                                                Karin J. Immergut
                                                United States District Judge